UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MONEX USA *f/k/a* TEMPUS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-00686-BAH |
| v. ) | |
| ) | Hon. Beryl A. Howell |
| CALIA STONE BOUTIQUE LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR A MORE DEFINITE STATEMENT**

The Court should deny defendant Calia Stone Boutique LLC's frivolous motion for a more definite statement for the following reasons:

A party may seek a more definite statement only where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The touchstone for any Rule 12(e) motion is "unintelligibility, not mere lack of detail." *Johnson v. Metropolitan Direct Prop. & Cas. Ins. Co.*, 2019 WL 176851, at *3 (D.D.C. Jan. 11, 2019). Thus, relief under Rule 12(e) is available only where the pleading is so poorly drafted that the answering party has no notice of the claims asserted. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Hilska v. Jones*, 217 F.R.D. 16, 21 (D.D.C. 2003).

Calia Stone cannot meet this high bar. Plaintiff asserts claims for breach of contract and unjust enrichment. The elements of a breach of contract claim are the existence of a contract, the defendant's breach of a term of the contract, and harm flowing from that breach. *Shaffer v. George Wash. Univ.*, 27 F.4th 754, 762 (D.C. Cir. 2022). The elements of unjust enrichment are that the plaintiff conferred a benefit on the defendant and that it would be unjust for the defendant to retain the benefit. *In re APA Assessment Fee Litig.*, 766 F.3d 39, 45-46 (D.C. Cir. 2014).

1

Calia Stone cannot plausibly contend that the Complaint fails to put Calia Stone on notice of the elements of these basic claims.  The Complaint describes the contractual terms that Calia Stone breached and attaches complete copies of both subject agreements.  The Complaint also describes the manner in which Calia Stone breached those agreements.  Specifically, the Complaint alleges that Calia Stone submitted an order for a wire transfer using the login credentials that Calia Stone was responsible for maintaining, that plaintiff complied with Calia Stone's order, and that Calia Stone did not pay for that service as the agreement required.  Compl. ¶¶ 30-50.  These straightforward allegations permit Calia Stone to admit, deny, or assert a lack of knowledge about them.  Rule 8(a) demands nothing more, and thus, the Court should deny Calia Stone's motion.

Calia Stone's insistence that plaintiff make a more definite statement as to paragraphs 49-50 of the Complaint illustrates why Calia Stone's motion lacks merit.  Paragraphs 49-50 of the Complaint state:

> 49.   On or about August 23, 2021, Calia Stone logged into Tempus Online and directed Tempus to facilitate two separate payment orders of $140,025.00 and $98,375.00 ("August 23, 2021 Orders") to third-party Hongkong Junhua Trading, Ltd. ("Third-Party Merchant").
>
> 50. Tempus promptly facilitated payment to the Third-Party Merchant as directed by Calia Stone's August 23, 2021 Orders.

ECF No. 1. If Calia Stone contends that it did not log in to its Tempus Online account to place these orders, it may deny paragraph 49 of the Complaint.  If Calia Stone would like to assert a defense that plaintiff was the victim of hacking, an assertion that Calia Stone lacks any Rule 11 basis to make, it may pursue that defense after answering the Complaint.  Calia Stone cannot use Rule 12(e) to force plaintiff to provide information that Calia Stone could obtain through discovery.  *See Levick v. Kiser*, 206 F. Supp. 3d 337, 347 (D.D.C. 2016); *Hilska v. Jones*, 217 F.R.D. 16, 21 (D.D.C. 2003) *Johnson*, 2019 WL 176851, at *3 ("[t]ime and time again, courts in this district have noted that a Rule 12(e) motion is an improper vehicle for seeking evidence

underlying a complaint's factual allegations[.]); *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 168 (D.D.C. 2014); *Wilson v. Government of D.C.*, 269 F.R.D. 8, 12 (D.D.C. 2010); *Potts v. Howard Univ.*, 269 F.R.D. 40, 42 (D.D.C. 2010).

In sum, Calia Stone does not require, and is not entitled to, a more definite statement to proceed.

WHEREFORE, plaintiff respectfully requests that the Court deny Calia Stone's motion for a more definite statement, and grant such other relief that the Court deems just and proper.

Dated: June 3, 2022

        Respectfully,

        **K&L GATES LLP**

        */s/ Andrew N. Cook*
        Andrew N. Cook
        DC Bar No. 416199
        1601 K Street, N.W.
        Washington, D.C. 20006
        Tel: 202-778-9106
        andrew.cook@klgates.com

        Nicole C. Mueller
        (*pro hac vice*)
        Ketajh Brown
        (*pro hac vice*)
        70 W. Madison Street, Suite 3300
        Chicago, Illinois 60602
        Tel: 312-807-4341
        nicole.mueller@klgates.com
        Tel: 312-807-4328
        ketajh.brown@klgates.com

        ***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 3, 2022, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by filing same through the Court's ECF/CM system.

*/s/ Ketajh M. Brown*
