UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MONEX USA *f/x/a* TEMPUS, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No.: 1:22-cv-00686-BAH |
| | ) | |
| CALIA STONE BOUTIQUE LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Calia Stone Boutique LLC ("Calia") replies in support of its Motion for Plaintiff Tempus to provide a More Definite Statement in its Complaint. Though Tempus does not forthrightly admit as much, its Response to the Motion (and to the Motion to Show Cause) concede by omission that Tempus refuses to provide any factual information upon which it might reasonably claim that Calia is the party responsible for stealing Tempus's funds. Tempus refuses to do so despite the (alleged) theft having occurred in August 2021, nearly ten months ago. Tempus filed its Complaint in March 2022, nearly seven months after the incident at issue. There was no urgency requiring Tempus to bring suit before ascertaining whether it had a plausible factual basis for naming Calia as the defendant, as the limitations period for bringing a breach of contract action in D.C. is three years. D.C. Code § 12-301(7). The federal pleading rules do not countenance a plaintiff's willful withholding from its complaint of the known facts upon which liability turns in order to bring an otherwise implausible claim. That, however, is what Tempus seeks to do here.

Federal Rule of Civil Procedure 11(b)(3) imposes upon plaintiffs a "general obligation to review the facts and information within their reach <u>before</u> making allegations." *Sprague Farms v. Providian Corp.*, 929 F.Supp. 1125, 1131 (C.D.Ill. 1996) (emphasis added). "Rule 11(b)(3) is not a license to allege facts first and then investigate. Instead, Rule 11(b)(3) is designed as a safety valve for parties who must plead certain facts, but cannot confirm them before pleading because an adversary controls the information necessary to substantiate these claims." *Id.* at 1130-31. "Neither Rule 8(e)(2) nor Rule 11 permits a plaintiff to intentionally ignore relevant evidence in order to assert unfounded claims," or to "artificially manufacture claims" by excluding facts within the plaintiff's control. *Tibor Mach. Prods. v. Freudenberg-Nok Gen. Pshp.*, 967 F.Supp. 1006, 1014 (N.D.Ill. 1997). Furthermore, "It is a violation of Rule 11 to withhold relevant factual evidence within the knowledge of the pleading party [from the complaint] in order to gain the advantage of being able to plead more causes of action than are appropriate." *Mrla v. Fannie Mae*, 2016 U.S. Dist. LEXIS 94964 at *14 (E.D.Mich. July 21, 2016) (cleaned up).

Only after having conducted a reasonable pre-filing investigation of the facts within its control can Tempus make claims against Calia, and thereby assure the Court and Calia that the causes of action in the Complaint are not brought for an improper purpose. *See, e.g., Diamond Triumph Auto Glass Inc. v. Safelite Glass Corp.*, 344 F.Supp.2d 936, 944 (M.D.Pa. 2004). Under the Supreme Court's *Twombly* standard, Tempus must both have–and plead–a <u>plausible</u> factual basis for asserting that Calia is liable is liable for the claimed theft. "'Plausibility,' as it is used in *Twombly* and *Iqbal*, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, allow the court to draw the <u>reasonable inference</u> that <u>the defendant</u> is liable

for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for <u>more than a sheer possibility</u> that a defendant has acted unlawfully." *Kennedy v. World Alliance Fin. Corp.*, 792 F.Supp.2d 1103, 1106 (C.D.Cal. 2011) (cleaned up) (emphasis added).

      Here, despite the fact that all of the evidence for the transaction in which Tempus claims it was robbed is within Tempus's exclusive control, Tempus refuses to state in its Complaint the factual basis upon which it believes Calia is the culpable party, other than to assert that Calia logged into Tempus Online and ordered the transaction.  But, under the circumstances of this phishing case as Tempus knows them to be, that is a factually insufficient averment under both Rule 11's reasonable pre-filing investigation requirement, and *Twombly*'s plausibility standard. Tempus's position is akin to it asserting that because it has video of its vault being looted by an individual in a Joe Biden mask, it is free to name Joe Biden as the defendant in its suit with no further details explaining why he should plausibly be the defendant.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and "where a plaintiff has not nudged its claims across the line from conceivable to plausible, the complaint must be dismissed." *Riverkeeper, Inc. v. TCI of NY, LLC*, 2021 U.S. Dist. LEXIS 42245 at *11 (N.D.N.Y. March 8, 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 570) (cleaned up).  In a world full of internet scams, "plausibility" requires more than a plaintiff's gullibility.

      One of the purposes of a motion for more definite statement under Rule 12(e) is to ensure that the plausibility standard is met, and, as may be applicable, to avoid or curtail discovery. *Hansen v. LeVan*, 967 F.3d 584, 590 n.2 (3d Cir. 2020).  Relatedly, Rule 12(e) exists to ensure that plaintiffs set forth facts demonstrating more than a speculative basis for imposing liability

upon a specific defendant. *Hitch Enters. v. Cimarex Energy Co.*, 859 F.Supp.2d 1249, 1254-55 (W.D.Okla. 2012). As this Court has observed, "*Twombly* and *Iqbal* were motivated by a concern that baseless complaints could open the gates to expensive discovery and force an extortionate settlement." *Paleteria La Michoacana v. Productos Lacteos*, 905 F.Supp.2d 189 (D.D.C. 2012) (cleaned up). Addressing the discovery costs and possible abuses that will be incurred if trial courts neglect policing unfounded complaints, the *Twombly* Court stated, it "is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management' given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." 550 U.S. at 559.

"The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." *Ball v. Oden*, 2011 U.S. Dist. LEXIS 139177 at *14 (M.D.Pa. Dec. 5, 2011), quoting *Thomas v. Independence Tp.,* 463 F.3d 285, 301 (3d Cir. 2006). Moreover, even in the absence of such a motion, courts possess the discretion to order a more detailed complaint to protect themselves and defendants from the burdens of unjustified litigation. *See, e.g., Thomas*, 463 F.3d at 301. The Court has the authority to ensure that Plaintiff Tempus complies with its obligations under Rule 11 and *Twombly* by ordering that Tempus amend its Complaint with a more definite statement demonstrating a reasonable, plausible factual basis for asserting liability against Defendant Calia. Calia respectfully requests that it do so here.

Respectfully Submitted,

Calia Stone Boutique LLC
By counsel:
Juris Day, PLLC

_____/s/_____
Earl N. "Trey" Mayfield, III, DC Bar # 459998
tmayfield@jurisday.com
10521 Judicial Drive, Suite 200
Fairfax, VA 22030
Voice: (703) 268-5600
Facsimile: (703) 268-5602
*Counsel for Defendant Calia Stone Boutique, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2022, I caused the foregoing document to be delivered via ECF to all registered counsel in this case.

_____/s/_____
Trey Mayfield