UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MONEX USA *f/k/a* TEMPUS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-00686-BAH |
| v. ) | |
| ) | Hon. Beryl A. Howell |
| CALIA STONE BOUTIQUE LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**OPPOSITION TO DEFENDANT'S
MOTION FOR A MORE DEFINITE STATEMENT**

The Court should deny defendant's frivolous motion for a more definite statement (ECF No. 22) for the following reasons:

A party may seek a more definite statement only where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The touchstone for any Rule 12(e) motion is "unintelligibility, not mere lack of detail." *Johnson v. Metropolitan Direct Prop. & Cas. Ins. Co.*, 2019 WL 176851, at *3 (D.D.C. Jan. 11, 2019). Thus, relief under Rule 12(e) is available only when the pleading is so poorly drafted that the answering party has no notice of the claims asserted. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Hilska v. Jones*, 217 F.R.D. 16, 21 (D.D.C. 2003).

In the Complaint, Monex USA asserts claims for breach of contract and unjust enrichment. *See generally* Complaint ("Compl."), ECF No. 1. The elements of a breach of contract claim are the existence of a contract, the defendant's breach of a term of the contract, and harm to the plaintiff flowing from that breach. *Shaffer v. George Wash. Univ.*, 27 F.4th 754, 762 (D.C. Cir. 2022). The elements of unjust enrichment are that the plaintiff conferred a benefit on the defendant and that it

1

would be unjust for the defendant to retain the benefit. *In re APA Assessment Fee Litig.*, 766 F.3d 39, 45-46 (D.C. Cir. 2014).

Defendant cannot seriously contend that the Complaint fails to put defendant on notice of the elements of these basic claims. The Complaint describes the contractual terms that defendant breached and attaches complete copies of both subject agreements. The Complaint also describes the manner in which defendant breached those agreements. Specifically, the Complaint alleges that defendant submitted two wire transfer orders using the login credentials that defendant had established and was solely responsible for maintaining, that Monex complied with defendant's orders, and that defendant did not pay for the services as the agreement required. Compl. ¶¶ 30-50. These straightforward allegations permit defendant to admit, deny, or assert a lack of knowledge about them. Rule 8(a) demands nothing more, and thus, the Court should deny defendant's motion.

Defendant's demand for more definite statement regarding paragraphs 49-50 of the Complaint illustrates why defendant's motion lacks merit. Those paragraphs state:

> 49. On or about August 23, 2021, Calia Stone logged into Tempus Online and directed Tempus to facilitate two separate payment orders of $140,025.00 and $98,375.00 ("August 23, 2021 Orders") to third-party Hongkong Junhua Trading, Ltd. ("Third-Party Merchant").
>
> 50. Tempus promptly facilitated payment to the Third-Party Merchant as directed by Calia Stone's August 23, 2021 Orders.

Compl. ¶¶ 49-50, ECF No. 1. If defendant contends that it did not log in to its Tempus Online account to place these orders, it may deny these paragraphs. If defendant would like to assert a defense that Monex was the victim of hacking—an assertion that defendant lacks any Rule 11 basis to make—it may pursue that defense after answering the Complaint. Defendant cannot use Rule 12(e) to force Monex to provide information that defendant could obtain through discovery. *See Levick v. Kiser*, 206 F. Supp. 3d 337, 347 (D.D.C. 2016); *Hilska v. Jones*, 217 F.R.D. 16, 21

(D.D.C. 2003); *Johnson*, 2019 WL 176851, at *3 ("[t]ime and time again, courts in this district have noted that a Rule 12(e) motion is an improper vehicle for seeking evidence underlying a complaint's factual allegations[.]"); *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 168 (D.D.C. 2014); *Wilson v. Government of D.C.*, 269 F.R.D. 8, 12 (D.D.C. 2010); *Potts v. Howard Univ.*, 269 F.R.D. 40, 42 (D.D.C. 2010). In sum, defendant does not require, and is not entitled to, a more "definite statement" to proceed.

Finally, Monex respectfully requests that the Court order defendant to reimburse Monex for its fees expended in responding to defendant's iterative and frivolous motions for a more definite statement. Defendant never conferred with Monex before filing defendant's first motion. Then, rather than withdrawing the motion when the Court alerted defendant to its failure to confer, defendant obfuscated about its failure, requiring Monex to oppose the first motion and reply to defendant's response to the Court's show cause order. When defendant finally convened a pre-motion conference on June 21, 2022, defendant's counsel acknowledged that none of the allegations in the Complaint is unintelligible and that defendant is capable of admitting, denying, or claiming lack of knowledge as to each and every allegation. While that should have been the end of the matter, defendant re-upped its motion anyway, improperly seeking an order that Monex adopt a different theory of its case apparently to facilitate defendant's preferred defense. Because, on its face, defendant filed the motion for a frivolous purpose, the Court should award Monex its fees for this reason as well.

WHEREFORE, Monex respectfully requests that the Court deny defendant's motion for a more definite statement, award Monex its fees incurred in responding to Calia Stone's iterative motions, and grant such other relief that the Court deems just and proper.

Dated: June 23, 2022

        Respectfully,

**K&L GATES LLP**

/s/ *Andrew N. Cook*
Andrew N. Cook
DC Bar No. 416199
1601 K Street, N.W.
Washington, D.C. 20006
Tel: 202-778-9106
andrew.cook@klgates.com

Nicole C. Mueller
(*pro hac vice*)
Ketajh Brown
(*pro hac vice*)
70 W. Madison Street, Suite 3300
Chicago, Illinois 60602
Tel: 312-807-4341
nicole.mueller@klgates.com
Tel: 312-807-4328
ketajh.brown@klgates.com

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by filing same through the Court's ECF/CM system.

*/s/ Ketajh M. Brown*